**Cheryl SWISHER, et al., Plaintiffs,**

**v.**

**UNITED STATES of America,
Defendant.**

No. 98–1352–CM.

United States District Court,
D. Kansas.

Aug. 29, 2001.

John E. Foulston, John T. Conlee, Foulston, Conlee, Schmidt & Emerson, LLP, Wichita, KS, James R. Baarda, Nels J. Ackerson, The Ackerson Group, Chtd., Washington, DC, for plaintiffs.

Christina L. Medeiros, Office of United States Attorney, Wichita, KS, Marc A. Smith, James A. Eichner, U.S. Department of Justice, Environment & Nat. Resources Div., Washington, DC, David Spohr, U.S. Department of Justice, Environment & Natural Resources Div., Seattle, WA, for defendant.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiffs filed this cause of action alleging that they own interest in land constituting part of a railroad corridor now operated for trail use pursuant to the National Trails System Act ("Trails Act"), 16 U.S.C. § 1247 et seq. Plaintiffs allege that defendant has worked a taking of their property and seek just compensation under the Fifth Amendment in the amount of $10,000 or less. This matter is before the court on plaintiffs' motion for partial summary judgment (Doc. 98) and defendant's motion for declaration that plaintiffs must convey whatever interest is adjudged or agreed taken (Doc. 132).

## I. Summary Judgment

Plaintiffs filed their motion for partial summary judgment in June 2000, to which defendant filed no response. Since the filing of plaintiffs' motion, the parties have engaged in discussions, and defendant has agreed to compensate plaintiffs. As discussed more fully herein, the court agrees that plaintiffs' property has been taken by defendant and, therefore, plaintiffs are entitled to just compensation. Thus, to the extent that plaintiffs move for an order finding that they are entitled to just compensation under the Fifth Amendment's taking provision, the court grants plaintiff's motion for partial summary judgment.

## II. Defendant's Motion to Convey

One unresolved issue remaining is whether plaintiffs must execute a legal instrument transferring a property interest to defendant in return for payment of just compensation. Defendant's motion seeks such a conveyance, while plaintiffs maintain that they are not required to execute any legal document evidencing acquisition by defendant of any interest in the disputed land.

### A. Background Facts

Plaintiffs own fee simple in the disputed land. Plaintiffs obtained ownership of the property subject to an easement for railroad use which was at the time owned by Union Pacific Railroad Company ("Union Pacific"). In 1997, Union Pacific conveyed its interest in the railroad right-of-way corridor to the Central Kansas Conservancy (CKC) pursuant to the Trails Act. The purpose of the conveyance was to establish interim trail use and railbanking.

### B. The Trails Act

Under the current version of the Trails Act, railroad corridors otherwise ripe for abandonment can be preserved for possible future railroad use (railbanking) and may be converted to trails for recreational use. 16 U.S.C. § 1247(d). The Trails Act authorizes the Interstate Commerce Commission (ICC) to take such actions. Section 8(d) of the Trails Act provides that a railroad wishing to cease operations along a particular route may negotiate with a state, municipality, or private group that is prepared to assume financial and managerial responsibility for the right-of-way. Specifically, when a railroad wishes to cease operations, it must file a notice of intent with the Surface Transportation Board ("STB"). 49 C.F.R. § 1152.20(a)(1). The railroad then files an application for abandonment after the notice of intent is filed. Id. § 1152.20(b), 1152.24(a). If a state or local government or private entity is interested in converting the railroad corridor to a trail, it must submit a trail proposal that includes a statement of willingness to manage the corridor, assume liability, and pay taxes. Id. § 1152.29(a). The railroad may then negotiate and, if an agreement is reached, the right-of-way becomes a trail and abandonment by the railroad is not authorized. 16 U.S.C. § 1247(d). If the parties cannot agree, the railroad may abandon the right-of-way.

Under most states' laws, including Kansas, when an easement is abandoned, the property reverts back to the landowner. However, pursuant to the language under the Trails Act, interim trail use "shall not be treated, for any purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes." Id. This is the provision which gives rise to a takings question in the typical "rails-to-trails" case. *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 8, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990).

Under the Trails Act, the conversion from railroad use to trail use blocks the abandonment of the right-of-way even

though the conditions for abandonment under state law may otherwise be met. "But for the negotiation of a trail use agreement, state property law would be revived and, possibly, trigger extinguishment of rights-of-way and the vesting reversionary interest." *Nat'l Assoc. of Reversionary Property Owners v. Surface Transp. Bd.*, 158 F.3d 135, 139 (D.C.Cir.1998). In such circumstances, when a reversionary interest is blocked, the interim trail is deemed a taking. *Preseault v. United States*, 100 F.3d 1525, 1550, 1552 (Fed.Cir.1996); *Glosemeyer v. United States*, 45 Fed.Cl. 771, 781 (2000). Accordingly, the holder of a reversionary interest that does not vest because of a trail use (such as the plaintiffs in this case) is entitled to compensation.

## C. Necessity of a Conveyance

██ Conceding that plaintiffs are entitled to compensation, defendant argues that plaintiffs must execute a conveyance. Specifically, defendant asserts that plaintiffs must convey by quitclaim deed any interest in the disputed land that has been "taken" in return for just compensation. The court disagrees.

Before the Union Pacific conveyed its interest in the railroad right-of-way corridor to the CKC, plaintiffs' property was subject to an easement for railroad purposes. Now, pursuant to the Trails Act, plaintiffs' property is subject to an easement for interim trail use. At no time did plaintiffs exercise any rights or control over the easement at issue. But for the Trails Act, plaintiffs' property rights would have reverted back to plaintiffs upon Union Pacific's abandonment of the easement.

Indeed, "[i]t is the thwarted termination of the railroads' rights-of-way-prevented and preempted by operation of the Rails-to-Trails Act-that gives rise to the potential takings claim." *Glosemeyer*, 45 Fed. Cl. at 776 (citing *Nat'l Assoc. of Reversionary Property Owners*, 158 F.3d at 139).

As such, the court sees no reason why plaintiffs must convey by deed whatever interest is deemed "taken." The interest "taken" was plaintiffs' right—at the time Union Pacific conveyed its interest to CKC—to assume control over their property. Plaintiffs were deprived of this right by an act of Congress, which authorized the ICC to preserve for possible future railroad use rights-of-ways not currently in service, to allow for interim use of such land as recreational trails, and further directed that the ICC "shall not permit abandonment or discontinuance inconsistent or disruptive of such use." 16 U.S.C. § 1247(d). The federal government's exercise of its power to extinguish plaintiffs' reversionary rights is the interest that was taken. *Glosemeyer*, 45 Fed.Cl. at 782 ("Through the agreements consummated between the railroads and trail providers, trail easements have been imposed, essentially in perpetuity, contrary to state law and simply by federal fiat."). Accordingly, the court holds that no deed is necessary to convey such an interest. Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for partial summary judgment (Doc. 98) is granted to the extent that plaintiffs move for an order finding that they are entitled to just compensation under the Fifth Amendment's taking provision, and defendant's motion for declaration that plaintiffs must convey whatever interest is adjudged or agreed taken (Doc. 132) is denied.